UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION; SISTERS OF ST. FRANCIS OF THE IMMACULATE HEART OF MARY; ST. ANNE'S GUEST HOME; and ST. GERARD'S COMMUNITY OF CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>XAVIER BECERRA, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHARLOTTE BURROWS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendants.* | No. 3:23-cv-203-PDW-ARS |

**CBA PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

The Government Defendants move to extend the deadline to respond to the complaint until 30 days after the Court decides CBA Plaintiffs' fully briefed motion for preliminary injunction. The motion should be denied for three reasons. First, the Government Defendants identify no reason why they cannot answer the complaint today or what harm they would suffer by doing so. Second, further delays of this eight-year-old dispute will only further prejudice CBA Plaintiffs. And third, requiring the Government to answer the complaint as contemplated by Rule 12 will serve the interest of judicial efficiency by narrowing the disagreements between the parties.

1

1. **The Government offers no reason it cannot respond to the Complaint now.**

The only basis for extension asserted by the Government is that "the legal questions presented by Plaintiffs' motion may affect the litigation of the case going forward." Mot. at 1. The Government does not elaborate on what "legal questions" it believes will affect how it will answer the complaint, and it is hard to see how its answer will change after the Court's decision. Does it intend to change positions after eight years and challenge the sincerity of CBA members' religious opposition to the Mandate? Does it intend to deny that it has attempted to enforce the Mandate against on of CBA's members? *See* ECF No. 1 at ¶ 158. Does it intend to admit that under the Mandate CBA Plaintiffs face ruinous fines and enforcement actions? Does it have some basis to disagree that the Eighth Circuit's decision in *Religious Sisters of Mercy* resolves this dispute except as to the first prong of associational standing? Federal Rule of Civil Procedure 8(b)(2) entitles the CBA Plaintiff to know the Government's "fair[] response to the substance of the[ir] allegations."

2. **The Government has sought and received *fourteen* stays of this dispute to date.**

Next, the Government incorporates by reference its arguments supporting its motion for an indefinite stay of the case while it promulgates its proposed rule at some point in the future. Mot. at 2. It says that the proposed rule will change the regulatory landscape. *Id.* The CBA Plaintiffs addressed this argument in full in its response in opposition to Defendants' motion to stay, ECF No. 29, and incorporate that argument by reference here. In short, this argument is incorrect for two reasons. First, the "new" rule isn't "new" at all as it applies the Mandate. Rather, it simply restates and reimposes the Mandate. The proposed rule says, "[p]roposed paragraph [92.101](a)(2) clarifies that discrimination on the basis of sex includes discrimination on the basis of sex stereotypes; sex characteristics, including intersex traits; pregnancy or related conditions;

sexual orientation; and gender identity." HHS, Notice of Proposed Rulemaking, Nondiscrimination in Health Programs and Activities, 87 Fed. Reg. 47,824, 47,858 (Aug. 4, 2022). This is the gender-transition-services Mandate that HHS and EEOC have repeatedly issued, that courts have repeatedly identified, and that courts have repeatedly enjoined. It neither reverses the Mandate nor narrows it. The proposed rule is instead further evidence of what this Court and the Eighth Circuit have already found: the CBA Plaintiffs are under a credible threat of enforcement.

This dispute is in its eighth year. In that time, the Government Defendants have sought and received *fourteen* stays of the dispute on the promise that a soon-to-be-released "new" rule will change the regulatory landscape.[1] At this point, however, the Government's promises ring hollow. Their previous attempts at amendment merely reimposed the Mandate, as their proposed rule says it will, too. And EEOC has never altered its position that Title VII requires coverage of gender-transition services. *Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1131 (D.N.D. 2021) ("The EEOC's interpretation of Title VII as applied to employers' group health plans has stayed static."). This suit is unusual in its length (more than seven years) and expense (in real terms, more than $1 million in legal fees occurred)—all the result of the Government's needless requests for delay in an attempt to keep alive their Mandate that the Eighth Circuit has ruled violates RFRA for

---

[1] See *Religious Sisters of Mercy et al. v. Becerra et. al.*, 3:16-cv-386 (D.N.D)., ECF No. 45 (May 26, 2017) (request to stay), ECF No. (May 26, 2017) (request to extend stay), ECF No. 61 (May 21, 2018) (request to extend stay), ECF No. 62 (July 20, 2018) (request to extend stay), ECF No. 64 (Oct. 18, 2018) (request to extend stay), ECF No. 67 (Jan. 15, 2019) (request to stay), ECF No. 70 (Feb. 19, 2019) (request to extend stay), ECF No. 71 (May 31, 2019) (request to extend stay), ECF No. 76 (Oct. 4, 2019) (request to extend stay), ECF No. 78 (Jan. 2, 2020) (request to extend stay), ECF No. 81 (Apr. 3, 2020) (request to extend stay), ECF No. 83 (Jul. 6, 2020) (request to extend stay), ECF No. 86 (Aug. 5, 2020) (request to extend stay), ECF No. 88 (Oct. 5, 2020) (request to extend stay).

conscientious Catholic employers like members of the CBA. *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 609 (8th Cir. 2022).

   3.  **An answer will narrow the issues in dispute.**

In more than seven years, the Government Defendants have never answered the CBA's complaints filed in this dispute. In conferral regarding the instant suit and CBA Plaintiffs' motion for preliminary injunction, counsel for Plaintiffs asked counsel for the Government whether there were any issues of fact or law the parties could stipulate to. The Government would agree to no stipulations of law or fact, including those previously determined by the *Religious Sisters of Mercy* litigation. To the extent the Government's goal is judicial efficiency, an answer will determine what issues remain in dispute between the parties. Absent that, CBA will be left to file a motion for summary judgment that needlessly addresses every issue of its case in chief, and the Court will be left to redetermine all of the issues it has previously decided. An answer will help drive a judicially efficient resolution of this case.

*   *   *

CBA Plaintiffs respectfully request the Court deny Defendants' request to extend their deadline to respond to the complaint.

DATED: February 8, 2024.

                                                 Respectfully submitted,

*/s/ Andrew Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
Nussbaum Gleason PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-4937
martin@nussbaumgleason.com
andrew@nussbaumgleason.com
*Attorneys for Plaintiffs*