UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; SISTERS OF ST. FRANCIS OF THE IMMACULATE HEART OF MARY; ST. ANNE'S GUEST HOME; and ST. GERARD'S COMMUNITY OF CARE,

*Plaintiffs,*

v.

XAVIER BECERRA, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHARLOTTE BURROWS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Defendants.*

No. 3:23-cv-203-PDW-ARS

**CBA PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**

The plaintiffs respectfully request a telephonic status conference for the prompt and orderly management of this case. In support of this request, plaintiffs note:

1. This case is a sequel to a case filed on December 28, 2016, in which the U.S. Court of Appeals for the Eighth Circuit previously decided all substantive issues, *see Religious Sisters of Mercy v. Becerra*, 55 F.4th 583 (2022);

2. Plaintiffs filed a motion requesting a temporary restraining order, preliminary injunction, and declaratory relief on November 22, 2023 that sought protection from federal mandates requiring performance of gender transition services and employee health plan coverage of the same in

violation of plaintiffs Catholic values, and the motion was fully briefed by December 20, 2023, Docs. 3, 4;

    3.   The only issue in that motion not decided by the Eighth Circuit was the Catholic Benefits Association's ("CBA") request that the Court extend relief to its employer members based on associational standing;

    4.   Rules 57 and 65 permit the Court to expedite consideration of motions for declaratory and injunctive relief;

    5.   Other than the CBA's members that were named plaintiffs in its prequel lawsuit, CBA's present, new, and prospective employer members remain unprotected by judicial relief with regard to the Government's gender-transition-services mandate and this not only leaves them unprotected but greatly complicates their ability to plan and to mandate their health plans consistently with their Catholic values;

    6.   The CBA itself is greatly hampered in its ability to move forward in serving new and prospective employer members in the absence of a clear judicial ruling on these issues;

    7.   The Government has sought a stay of the case, Doc. 26; and

    8.   CBA intends to file a motion for summary judgment that seeks a permanent injunction and declaratory relief soon after this Court rules on the pending motion; and

    9.   The Court and the parties would benefit from a series of dates for the orderly management of the issues here.

    WHEREFORE the plaintiffs respectfully request a status conference at the earliest possible time to plan the timely and orderly resolution of these issues.

<div align="center">&lt;signature on the following page&gt;</div>

Dated this 12th day of April, 2024.

                                                  Respectfully submitted,

                                                  */s/ L. Martin Nussbaum*

                                                  L. Martin Nussbaum
                                                  Andrew Nussbaum
                                                  First & Fourteenth PLLC
                                                  2 N. Cascade Ave., Suite 1430
                                                  Colorado Springs, CO 80903
                                                  (719) 428-4937
                                                  martin@first-fourteenth.com
                                                  andrew@first-fourteenth.com
                                                  *Attorneys for Plaintiffs*