IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| The Catholic Benefits Association, et al., | ) | Case No. 3:23-cv-203 |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART** |
| vs. | ) | **MOTION TO STAY AND** |
| | ) | **GRANTING MOTION FOR A** |
| Xavier Becerra, et al., | ) | **STATUS CONFERENCE** |
| | ) | |
| Defendants. | ) | |

On October 13, 2023, plaintiff Catholic Benefits Association—a nonprofit association of employers affiliated with the Catholic church along with several members of that association—filed a complaint requesting injunctive and declaratory relief. (Doc. 1). The complaint alleges regulations implementing a section of the Affordable Care Act (ACA) create and unsuccessfully repeal unlawful mandates that are inconsistent with their religious beliefs. On February 2, 2024, defendants—two federal agencies and the individuals in charge of the two agencies—moved to stay proceedings pending finalization of a revised regulation, claiming the revised regulation will supersede the regulations at issue in plaintiffs' complaint. (Doc. 26). Plaintiffs oppose the motion, asserting the history of prolonged litigation over ACA regulations and that finalization of the revised regulation is not likely to moot their claims. (Doc. 29).

**Background**

Section 18116 of 42 U.S.C., otherwise known as Section 1557 of the ACA, prohibits federally funded health programs or activities from engaging in discrimination. The statute incorporates definitions of discrimination of four existing statutes: Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2000e-17), Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681-1688), the Age Discrimination Act of 1975 (42

U.S.C. §§ 6101-6107), and the Rehabilitation Act of 1973 (29 U.S.C. § 794). Title VII of the Civil Rights Act and Title IX of the Education Amendments prohibit discrimination "on the basis of sex." Section 1557 allows the Secretary of the Department of Health and Human Services (HHS) to promulgate regulations to implement the section. 42 U.S.C. § 18116(c).

In May 2016, the HHS and its Office of Civil Rights (OCR), in coordination with the Equal Employment Opportunity Commission (EEOC), promulgated a regulation implementing Section 1557 (2016 Rule). Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375 (May 18, 2016). The 2016 Rule prohibited discrimination "on the basis of sex," including "discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender identity." Id. at 31467. The 2016 Rule states Section 1557 applies "to any entity that has a health program or activity, any part of which receives Federal financial assistance from the [HHS], any health program or activity administered by the [HHS], or any health program or activity administered by an entity created under Title I of the ACA." Id. at 31445. The 2016 Rule includes no blanket religious exemption but states "insofar as application of any requirement under [the rule] would violate applicable Federal statutory protections for religious freedom and conscience, such application shall not be required." Id. at 31466.

On December 31, 2016, the United States District Court for the Northern District of Texas ordered a nationwide preliminary injunction against enforcement of portions of the 2016 Rule. Franciscan All., Inc. v. Burwell, 227 F. Supp. 3d 660, 696 (N.D. Tex. 2016). The court enjoined the HHS from enforcing the 2016 Rule's prohibition of discrimination "on the basis of sex" insofar as it includes discrimination on the basis of

2

gender identity. Id. On October 15, 2019, the same court vacated the gender-identity portions of the 2016 Rule, among other things. Franciscan All., Inc. v. Azar, 414 F. Supp. 3d 928, 946 (N.D. Tex. 2019).

In June 2020, the HHS and the OCR promulgated a revised regulation to clarify and amend portions of the 2016 Rule (2020 Rule). Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37160 (June 19, 2020). In the summary of the general changes to the 2016 Rule, HHS stated there was good cause to reconsider the 2016 Rule and agreed with the Franciscan Alliance court that certain provisions of the 2016 Rule violated the Religious Freedom Restoration Act (RFRA) as applied to private plaintiffs. Id. at 37168. The 2020 Rule omits references to gender identity and termination of pregnancy from the definition of "on the basis of sex." Id. at 37161, 37242-43. The 2020 Rule defines "health programs or activities" as "all of the operations of entities principally engaged in the business of providing healthcare that receive Federal financial assistance." Id. at 37244. The 2020 Rule does not include a blanket religious exemption but, like the 2016 Rule, states Section 1557 will be implemented consistent with existing statutes regarding exercise of religion. Id. at 37207.

Following finalization of the 2020 Rule, many plaintiffs sought to enjoin the rule in various United States District Courts, primarily focused on repeal of the definition of "on the basis of sex," incorporation of provisions governing the Rule's relationship to various religious exemptions in other laws, and the Rule's scope of coverage.[1] As a result

---

[1] Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs., 557 F. Supp. 3d 224, 232 (D. Mass., 2021) (collecting cases).

3

of those challenges, the HHS was "preliminarily enjoined from enforcing its repeal of certain portions of the 2016 Rule's definition of 'on the basis of sex,' . . . as well as from enforcing the 2020 Rule's incorporation of Title IX's religious exemption." Nondiscrimination in Health Programs and Activities, 87 FR 47824, 47827 (Aug. 4, 2022).

In 2021, CBA, in a case consolidated with one initiated by Religious Sisters of Mercy, similarly challenged the regulations implementing Section 1557, arguing the regulations compelled them to perform or provide coverage for gender transition care. The district judge in the eastern division of this district concluded the RFRA entitled the plaintiffs "to permanent injunctive relief from the provision or coverage of gender-transition procedures." Religious Sisters of Mercy v. Azar, 513 F. Supp. 3d 1113, 1122 (D.N.D. 2021). On appeal, the Eighth Circuit affirmed the grant of permanent injunctive relief to the plaintiffs, "except to the extent it recognizes the associational standing of the CBA," and remanded for consideration of that question. Religious Sisters of Mercy v. Becerra, 55 F.4th 583, 609 (8th Cir. 2022).

On August 4, 2022, the HHS and the OCR published a revised proposed regulation implementing Section 1557. 87 Fed. Reg. 47824. On December 21, 2023, the Office of Information and Regulatory Affairs (OIRA) received the proposed regulation. The proposed regulation is currently pending Executive Order 12866 Regulatory Review.[2] On October 13, 2023, plaintiffs filed a complaint alleging portions of the 2016 Rule created an unlawful mandate and the 2020 Rule was unsuccessful in repealing

---

[2] OIRA, https://www.reginfo.gov/public/do/eoDetails?rrid=354213 (last visited Apr. 15, 2024).

those portions of the 2016 Rule. (Doc. 1). On February 2, 2024, defendants moved to stay this litigation pending finalization of the proposed regulation. (Doc. 26).

Another related case is pending in the western division of this district. In that case, the district judge denied a motion to stay proceedings pending finalization of the same proposed regulation at issue here. Christian Emp. All. v. U.S. EEOC, et al., No. 1:21-cv-195, Doc. 79 (D.N.D. Nov. 17, 2023). Defendants in that case argued the proposed revised regulation, once finalized, would supersede both the 2016 Rule and the 2020 Rule and therefore would render Christian Employers Alliance's claims moot. Id. at Doc. 72. Defendants in Christian Employers Alliance also argued a stay would conserve judicial resources, simplify the issues, and would not unduly prejudice the plaintiff. Id. The district judge ruled the defendants had not demonstrated they would experience hardship or inequity if a stay were not granted. Additionally, the district judge determined a stay for an indefinite period of time would not conserve judicial resources and there was no evidence a stay would simplify the issues. Id. at Doc. 79. Although the district judge concluded the plaintiff would not be prejudiced by a stay because a permanent injunction was in place, the district judge found that alone was insufficient reason to grant the stay. Id.

## Discussion

District courts have broad discretion to stay proceedings. A stay may be granted to control the docket, conserve judicial resources, or economize time. Johnson v. N.D. Guar. & Title Co., No. 1:17-cv-120, 2018 WL 6706672, at *2 (D.N.D. Dec. 20, 2018). "Factors for the court's consideration include but are not limited to the conservation of judicial resources, whether the stay would unduly prejudice or give a clear tactical advantage to one party, and whether a stay will simplify the issues in question and the

trial of the case." Id. In considering a motion to stay, the court must weigh competing interests and maintain an even balance. Id. Additionally, the party requesting a stay "must make out a clear case of hardship or inequity in being required to move forward . . . ." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

Here, the court first addresses the Landis hardship or inequity requirement. Defendants, like the defendants in Christian Employers Alliance, assert no hardship or inequity should the case proceed without a stay. Based solely on that factor, this court could deny the motion to stay without further review, but the court nonetheless addresses factors a court can consider when deciding a motion to stay under Johnson.

In their February 2024 motion, defendants requested a stay until the proposed rule is finalized and stated the rule would likely be finalized "not later than this winter."[3] (Doc. 26, p. 3). In a case in another district challenging the same rule, defendants more recently stated the HHS planned to issue a final rule in April 2024. Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs., No. 1:20-cv-1630, Doc. 97 (D.D.C. Mar. 29, 2024).

As did the defendants in Christian Employers Alliance, defendants here argue a stay would conserve judicial resources because once the revised proposed rule is finalized it will supersede the 2016 Rule and the 2020 Rule. Since the claims in plaintiffs' complaint concern portions of the 2016 Rule and the 2020 Rule, defendants argue those claims will likely be moot once the proposed rule is finalized so time spent

---

[3] The OIRA received the proposed regulation on December 21, 2023. OIRA review is limited to 90 days but may extend indefinitely. OIRA, https://www.reginfo.gov/public/do/eoDetails?rrid=354213 (last visited April 15, 2024). OIRA, https://www.reginfo.gov/public/jsp/Utilities/faq.myjsp#reg_rule (last visited Apr. 15, 2024). The rule would become effective 60 days after finalization. 87 Fed. Reg. at 47837.

litigating those claims would be a waste of judicial resources. Defendants reason that if the revised proposed rule is finalized "while the Court is in the midst of considering the merits, then at a minimum it will be necessary to engage in fresh briefing concerning the impact of the new rule on Plaintiffs' claims." (Doc. 26, p. 4).

Plaintiffs' complaint alleges the 2016 Rule expanded the definition of discrimination "on the basis of sex" into a mandate that requires entities covered under Section 1557 to perform, support, and cover gender transitional procedures. (Doc. 1). The 2016 Rule states "[o]n the basis of sex includes, but is not limited to, discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender identity." 81 Fed. Reg. at 31467. The revised proposed rule states "[d]iscrimination on the basis of sex includes, but is not limited to, discrimination on the basis of sex stereotypes; sex characteristics, including intersex traits; pregnancy or related conditions; sexual orientation; and gender identity." 87 Fed. Reg. at 47916. Though the revised proposed rule would change the definition of "on the basis of sex," the court cannot conclude that change would render any "on the basis of sex" claims moot and therefore cannot conclude that an indefinite stay would conserve judicial resources as to those claims.

Plaintiffs' complaint also addresses Section 1557's definition of covered entities. (Doc. 1). Section 1557 prohibits any federally funded health program or activity from engaging in discrimination. Plaintiffs allege the 2016's Rule definition of a "health program or activity" "prohibits certain employers, health programs, and insurance plans from exercising judgment as to what they cover." (Doc. 1, p. 32). The proposed rule defines a "health program or activity" as

7

    (1)    Any project, enterprise, venture, or undertaking to

        (i)    Provide or administer health-related services, health insurance coverage, or other health-related coverage;

        (ii)    Provide assistance to persons in obtaining health-related services, health insurance coverage, or other health-related coverage;

        (iii)    Provide clinical, pharmaceutical, or medical care;

        (iv)    Engage in health research; or

        (v)    Provide health education for health care professionals or others;

    (2)    All of the operations of any entity principally engaged in the provision or administration of any health projects, enterprises, ventures, or undertakings described in paragraph (1) of this definition, including, but not limited to, a State or local health agency, hospital, health clinic, health insurance issuer, physician's practice, pharmacy, community-based health care provider, nursing facility, residential or community-based treatment facility, or other similar entity or combination thereof.

87 Fed. Reg. at 47912. Finalization of the proposed rule may not render any of plaintiffs' claims regarding covered entities moot, and the court cannot conclude an indefinite stay would conserve any judicial resources as to those claims.

Additionally, plaintiffs' complaint alleges neither the 2016 nor the 2020 Rule includes sufficient religious exemptions. (Doc. 1). Both the 2016 Rule and the 2020 Rule state existing federal statutes, including the RFRA, apply to Section 1557. The 2016 Rule states under the RFRA, the OCR would assess whether a particular portion of Section 1557 "substantially burdened a covered entity's exercise of religion and, if so, whether there were less restrictive alternatives available." 81 Fed Reg. at 31380. Claims under the RFRA are individualized and fact specific, and determinations are made on a case-by-case basis. Id. Defendants argue a stay would conserve judicial resources because the

revised proposed rule creates a religious exemption which may render plaintiffs' religious exemption claims moot. Under the proposed rule, to be exempt from Section 1557, an entity would be required to notify the OCR of a claimed exemption under federal conscience or religious freedom law, and the OCR would promptly consider the entity's views and determine if the entity is exempt or whether a modified application would be required. 87 Fed Reg. at 47918-19. The revised proposed rule does not create a new religious exemption but rather rewrites a religious exemption application and review process, similar to the RFRA process of the 2016 Rule and the 2020 Rule. Finalization of the proposed rule may not render plaintiffs' religious claims moot, and the court therefore cannot conclude an indefinite stay would conserve judicial resources as to those claims.

      Defendants further argue a stay would not prejudice plaintiffs and would simplify the issues. Defendants claim plaintiffs would not be prejudiced by a stay because of the permanent injunction entered in Religious Sisters of Mercy, 513 F. Supp. 3d at 1152-53. Defendants state they are committed to apply the terms of the permanent injunction in Religious Sisters of Mercy "to all current members of the Catholic Benefits Association (CBA) and to their respective insurers and third-party administrators for coverage pertaining to current CBA members." (Doc. 19, p. 7). Defendants reason plaintiffs are protected by the permanent injunction and by defendants' pledge to comply with the injunction. While the permanent injunction is in place, current CBA members are unlikely to experience prejudice. See Christian Emp. All., No. 1:21-cv-195, Doc. 79, p. 3. But an indefinite stay may not simplify issues or conserve judicial resources.

## Conclusion

Considering the Landis requirement and the Johnson factors in totality, in this court's opinion defendants have not shown proceeding without an indefinite stay would cause hardship or inequity to them. This court is not persuaded an indefinite stay would conserve judicial resources or simplify the issues in question.

But, given defendants' report in Whitman-Walker Clinic that a final rule will be issued in April 2024, the court will grant a stay **until May 1, 2024**. If the rule is not finalized by that date, consistent with this court's order of February 9, 2024, (Doc. 31), defendants must file an answer to the complaint by May 13, 2024.

Plaintiffs recently requested a status conference to establish a case management schedule. (Doc. 38). That request is **GRANTED**, and the court will schedule a status conference after May 1, 2024.

Defendants motion to stay, (Doc. 26), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge