IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Catholic Benefits Association, et al., | ) | |
| | ) | **ORDER** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-203 |
| | ) | |
| Xavier Becerra, Secretary of the United States Department of Health and Human Services, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The background of this case is more thoroughly explained elsewhere. See Religious Sisters of Mercy v. Azar, 513 F. Supp. 3d 1113 (D.N.D. 2021). Briefly, in 2021, this Court granted certain Catholic organizations' motions for a permanent injunction because "the prevailing interpretations" of Section 1557 of the Affordable Care Act and Title VII of the Civil Rights Act required them "to perform or cover gender-transition procedures." Id. at 1147. The Eighth Circuit affirmed with a caveat: the Catholic Benefits Association ("CBA"), a plaintiff in that case, could not sue on behalf of its members because it failed to identify "particular members and their injuries." Religious Sisters of Mercy v. Becerra, 55 F.4th 583, 601 (8th Cir. 2022). The CBA's members were removed from the injunction's protection but "nothing prevent[ed] the CBA from filing a new action, where associational standing is properly established." Religious Sisters, 3:16-cv-386, Doc. 169.

This case is that new action, and the CBA moves for a preliminary injunction identical to the one that used to protect its members because, it argues, associational standing has been

established.[1] Doc. 7. Defendants Department of Health and Human Services ("HHS") and its Secretary, Xavier Becerra, and the Equal Employment Opportunity Commission ("EEOC") and its Chair, Charlotte Burrows, (altogether, "the Government") argue the CBA again fails to establish associational standing. Doc. 19.

The limited question presented by the CBA's motion has been overtaken by recent events. After briefing was complete on the preliminary injunction motion, the Government requested a stay pending promulgation of a new agency rule interpreting Section 1557 (the "2024 Rule."). Doc. 26. United States Magistrate Judge Senechal granted the motion in part and stayed the proceedings until May 1, 2024. The 2024 Rule was available for public inspection on April 26, 2024, published on May 6, 2024, and will be effective on July 5, 2024. See Nondiscrimination in Health Programs and Activities, 89 FR 37522-01 (May 2024). Following a status conference, Judge Senechal modified the scheduling order and set a May 30, 2024 deadline for the CBA to amend its complaint. See Doc. 43. Still, the CBA's motions for a preliminary injunction and temporary restraining order remain pending.

The Court now addresses those motions. When considering a motion for a preliminary injunction, the Court weighs the four factors set forth in Dataphase Systems, Inc., v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc): "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. at 114. The balance of harms and public interest factors merge when the government is the opposing party. See Nken v. Holder, 556 U.S. 418, 435 (2009).

---

[1] After its initial motions, the CBA moved for additional temporary restraining orders and preliminary injunctions for its new members. See Doc. 32; Doc. 33; Doc. 36; Doc. 37.

"Success on the merits has been referred to as the most important of the four . . . factors." Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 953 F.3d 1041, 1044 (8th Cir. 2020). The CBA argues it is likely to succeed because its claims are indistinguishable from those in Religious Sisters. That is true—but not for much longer. The 2024 Rule will supersede the 2020 Rule and likely moot the CBA's challenge against the patchwork of agency rules and judicial decisions referred to as the "Mandate." See e.g., Theodore Roosevelt Conservation P'ship v. Salazar, 661 F.3d 66, 79 (D.C. Cir. 2011) (stating a court cannot invalidate an agency action that has "disappeared into the regulatory netherworld"). The CBA will amend its complaint to include claims against the 2024 Rule, and it may well succeed on those claims. But the CBA's current claims will not succeed "at trial" because those claims will not go to trial. See Dataphase Systems, Inc., 640 F.2d at 113.

Nor is it likely the "Mandate" will be enforced against the CBA and its members before it is superseded. "[A] party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 895 (8th Cir. 2013) (internal quotation marks and citation omitted). It is true the Court and the Eighth Circuit found "establishing a likely RFRA violation satisfies the irreparable harm factor." Religious Sisters, 55 F.4th at 609 (internal quotation marks and citation omitted). But whether the CBA can establish "a likely RFRA violation" at trial will depend on the 2024 Rule.

More practically, the CBA has been outside of the Religious Sisters injunction since October 2023, and there are no reports of a serious agency action against the CBA or any of its members.[2] The Government represents it will comply with the injunction with respect to the

---

[2] The CBA reports the Government began an enforcement action against one of its members. See Doc. 4, p. 17. The Government responds that it followed the statutorily required procedure after

3

CBA's current members. And there is no indication the Government's compliance with respect to current members is an excuse to enforce Section 1557 against similarly situated future members. Lastly, the public interest is not served by a preliminary injunction that will last only a short portion of the case's lifespan. Judicial intervention in these circumstances would cause confusion and further delay the case with little benefit to the CBA. For these reasons, the CBA's motions (Doc. 3; Doc. 7; Doc. 32; Doc. 33; Doc. 36; Doc. 37) are **DENIED**.

    **IT IS SO ORDERED**.

    Dated this 24th day of May, 2024.

>  /s/ Peter D. Welte
>  Peter D. Welte, Chief Judge
>  United States District Court

---

receiving a charge of discrimination, and more to the point, did not take any further action after learning of the CBA affiliation. See Doc. 19, p. 22.