## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> XAVIER BECERRA, Secretary of the United States Department of Health and Human Services, *et al.*, <br><br> *Defendants.* | Civil Action No. 3:23-CV-203-PDW-ARS |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants United States Department of Health and Human Services ("HHS"); Xavier Becerra, in his official capacity as Secretary of HHS; United States Equal Employment Opportunity Commission ("EEOC"); and Charlotte A. Burrows, in her official capacity as Chair of the EEOC (collectively, "Defendants") hereby answer the Verified Amended Complaint for Injunctive and Declaratory Relief filed by Plaintiffs the Catholic Benefits Association, on behalf of its members; the Sisters of St. Francis of the Immaculate Heart of Mary; St. Anne's Guest Home, and St. Gerard's Community of Care (collectively, "Plaintiffs"), ECF No. 46.

1.      Admitted that the United States Department of Health and Human Services (HHS) issued final rules implementing Section 1557 of the Affordable Care Act in May 2016 (the "2016 Rule") and in May 2024 (the "2024 Rule"). The allegations in this paragraph consist of Plaintiffs' characterization of the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their

contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph contains factual allegations about HHS's and EEOC's interpretations of Section 1557 and Title VII, respectively, HHS and EEOC deny these allegations. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

2.      The first sentence of this paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. Admitted that HHS issued a final rule implementing Section 1557 of the ACA in June 2020 (the "2020 Rule"). Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. The fourth sentence of this paragraph characterizes two district court decisions. Defendants respectfully refer the Court to those decisions for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

3.      This paragraph characterizes orders of this Court and the Eighth Circuit in another case. Defendants respectfully refer the Court to those orders for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

4.      This paragraph characterizes Plaintiffs' lawsuit and the requested relief, to which no response is required. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

5.      This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants

respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph also characterizes the Eighth Circuit's decision in *Religious Sisters of Mercy*, this Court's decision in *Religious Sisters of Mercy*, the District of North Dakota decision in *Christian Employer's Alliance*, and the Northern District of Texas and Fifth Circuit decisions in *Franciscan Alliance*. Defendants respectfully refer the Court to those decisions for complete and accurate statements of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

6.      The first, second, and third sentences of this paragraph characterize the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of this paragraph. Defendants deny the allegations in the fifth sentence of this paragraph. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

7.      The first and second sentences of this paragraph characterize the 2024 Rule and the 2016 Rule. Defendants respectfully refer the Court to the 2024 Rule and the 2016 Rule for a complete and accurate statement of their contents. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence of this paragraph. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such a "Mandate."

8.      This paragraph characterizes the 2024 Rule, various statutes, the First

Amendment to the United States Constitution, and various court decisions. Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such a "Mandate."

9.      The fourth sentence of this paragraph characterizes a statement previously available on the EEOC's website, which Plaintiffs attach to their Amended Complaint as Exhibit J. Defendants respectfully refer the Court to that statement for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such a "Mandate."

10.      This paragraph characterizes the Court's order at docket entry 43 and Plaintiffs' amended complaint. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such a "Mandate."

11.      This paragraph states legal conclusions, to which no response is required.

12.      The first sentence of this paragraph states a legal conclusion, to which no response is required. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

13.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

14.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

15.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

16.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

17.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

18.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

19.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first and second sentences of this paragraph. As to the allegations in the third sentence of this paragraph, Defendants admit that Sister Welder signed a verification regarding the allegations in this complaint related to these three entities.

20.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

21.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

22.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

23.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

24.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

25.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

26.     Admitted that the cited webpage contains the language quoted in this paragraph. Defendants respectfully direct the Court to that webpage for a complete and accurate statement of its contents.

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

30.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

33.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

34.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

35.     Defendants lack sufficient knowledge or information to form a belief about the

truth of the allegations in this paragraph.

36.     This paragraph characterizes the referenced website. Defendants respectfully refer the Court to that website for a complete and accurate statement of its contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

37.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

38.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

39.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

40.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

41.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

42.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

43.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

44.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

45.     Defendants lack sufficient knowledge or information to form a belief about the

truth of the allegations in the first sentence of this paragraph. This paragraph otherwise characterizes Exhibit A to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

46.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

47.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

48.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

49.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

50.     Admitted that the language quoted in this paragraph appears in Exhibit B to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

51.     This paragraph characterizes Exhibit A, Exhibit B, Exhibit C, and Exhibit D to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

52.     This paragraph characterizes Exhibit B to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

53.     This paragraph characterizes Exhibit B to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to Exhibit B for a complete and accurate statement of its contents. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

55.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

56.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

57.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

58.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

59.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members, their insurers, and TPAs. The second sentence of this paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

60.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

61.     This paragraph states a legal conclusion, to which no response is required. To the

extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

62.    This paragraph states legal conclusions, to which no response is required.

63.    This paragraph characterizes the Eighth Circuit's decision in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

64.    Admitted that the CBA's Chief Executive Officer and Chairman of the Board, and representatives of the Sisters of St. Francis of the Immaculate Heart of Mary, St. Anne's Guest Home, and St. Gerard's Community of Care signed verifications regarding allegations in Plaintiffs' Amended Complaint. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

65.    Admitted that the referenced exhibits are attached to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

66.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

67.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

68.    This paragraph characterizes Plaintiffs' Amended Complaint and the attached

exhibits. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

69.     Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

70.     This paragraph characterizes the CBA's motivation for initiating this lawsuit. Defendants lack sufficient knowledge or information to form a belief about the truth of those allegations. This paragraph otherwise states legal conclusions, to which no response is required.

71.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

72.     Admitted that CBA brings this action on behalf of its members. The remaining allegations in this paragraph are denied.

73.     Admitted that Defendants include two appointed officials of the federal government, and two government agencies. The remaining allegations in this paragraph are denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

74.     Admitted that HHS is a federal cabinet agency within the executive branch of the United States government, and that HHS promulgated the 2016 Rule, the 2020 Rule, and the 2024 Rule. The remaining allegations in this paragraph are denied.

75.     Admitted.

76.     Admitted that EEOC is a federal agency. This paragraph otherwise characterizes EEOC's responsibilities generally and under Title VII specifically. Defendants respectfully refer

the Court to the text of Title VII for a complete and accurate statement regarding the EEOC's authority under Title VII.

77.     Admitted that Defendant Charlotte Burrows is the EEOC Chair and, in this capacity, responsible for the administrative operations of the EEOC. Admitted that Chair Burrows is sued only in her official capacity. The remaining allegations in this paragraph are denied.

78.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

79.     The allegations in this paragraph consist of Plaintiffs' characterization of the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

80.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. The second and third sentences of this paragraph characterize the cited news release. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

81.     This paragraph characterizes comments submitted to HHS by the United States Conference of Catholic Bishops. Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents.

82.     This paragraph characterizes the 2016 Rule. Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.

83.     This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

84.     This paragraph characterizes the cited document. Defendants respectfully refer

the Court to that document for a complete and accurate statement of its contents.

85.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

86.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

87.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

88.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

89.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

90.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

91.    The first sentence of this paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required. The second sentence of this paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

92.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

93.    Defendants admit that the quoted language appears in the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

94.    Defendants admit that the quoted language appears in the cited document.

Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

95.     This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

96.     The second and third sentences of this paragraph characterize the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

97.     This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

98.     This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

99.     This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

100.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

101.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

102.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

103.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph characterize the cited decision and materials. Defendants respectfully refer the Court

to that decision and materials for a complete and accurate statement of their contents. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

104.    This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

105.    This paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required.

106.    This paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required.

107.    This paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required.

108.    This paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required.

109.    This paragraph consists of Plaintiffs' characterization of medical conclusions, to which no response is required.

110.    The allegations in the first sentence of this paragraph characterize Plaintiffs' beliefs, to which no response is required. Defendants deny the allegations in the second sentence of this paragraph. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

111.    This paragraph characterizes Plaintiffs' beliefs, to which no response is required.

112.    This paragraph characterizes Plaintiffs' beliefs, to which no response is

required.

113.    Denied.

114.    This paragraph characterizes Section 1557. Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.

115.    This paragraph characterizes Section 1557. Defendants respectfully refer the Court to Section 1557 for a complete and accurate statement of its contents.

116.    This paragraph characterizes Section 1554. Defendants respectfully refer the Court to Section 1554 for a complete and accurate statement of its contents.

117.    Admitted that Title IX was enacted in 1972. The remainder of this paragraph characterizes Title IX. Defendants respectfully refer the Court to Title IX for a complete and accurate statement of its contents.

118.    This paragraph characterizes Title IX. Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents.

119.    This paragraph characterizes Title IX. Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents.

120.    Admitted.

121.    This paragraph characterizes the Rehabilitation Act and Section 1557. Defendants respectfully refer the Court to those statutes for a complete and accurate statement of their contents.  This paragraph otherwise states legal conclusions, to which no response is required.

122.    Admitted.

123.    This paragraph characterizes Title VII. Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents.

124.    This paragraph characterizes Title VII. Defendants respectfully refer the Court to

the statute for a complete and accurate statement of its contents.

125.    This paragraph characterizes the cited U.S. Census Bureau materials. Defendants refer the Court to those materials for a complete and accurate statement of their contents.

126.    This paragraph characterizes Title VII. Defendants refer the Court to Title VII for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

127.    This paragraph characterizes the Pregnancy Discrimination Act. Defendants refer the Court to that statute for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

128.    Admitted that HHS issued the 2016 Rule. The remainder of this paragraph characterizes the 2016 Rule. Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.

129.    This paragraph characterizes the 2016 Rule. Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.

130.    This paragraph characterizes the 2016 Rule. Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.

131.    This paragraph characterizes the 2016 Rule and the cited webpage. Defendants respectfully refer the Court to the 2016 Rule and the webpage for a complete and accurate statement of their contents.

132.    This paragraph characterizes the 2016 Rule. Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

133.    The first sentence of this paragraph states a legal conclusion, to which no response

is required. Denied as to the allegations in the second sentence of this paragraph.

134.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

135.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

136.    This paragraph characterizes orders of this Court in another case. Defendants respectfully refer the Court to those orders for complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

137.    Admitted that HHS issued a notice of proposed rulemaking in May 2019 and that HHS issued the proposed rule cited in this paragraph in June 2019. Further admitted that the Supreme Court granted certiorari in cases that were decided together in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents. This paragraph otherwise characterizes the June 2019 proposed rule. Defendants respectfully refer the Court to that proposed rule for a complete and accurate statement of its contents.

138.    Admitted that HHS issued the rule cited in this paragraph ("2020 Rule"). Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents.

139.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

140.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

141.    This paragraph characterizes the 2020 Rule and the order of a district court. Defendants respectfully refer the Court to the 2020 Rule and that district court order for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

142.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

143.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

144.    This paragraph characterizes the 2016 Rule and the 2020 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2020 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

145.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

146.    This paragraph characterizes the 2020 Rule and the cited statutes. Defendants respectfully refer the Court to the 2020 Rule and the cited statutes for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no

response is required.

147.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

148.    This paragraph characterizes the 2020 Rule and the 2016 Rule. Defendants respectfully refer the Court to the 2020 Rule and the 2016 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

149.    This paragraph characterizes the 2020 Rule and the 2016 Rule. Defendants respectfully refer the Court to the 2020 Rule and the 2016 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

150.    This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

151.    This paragraph characterizes the 2020 Rule and the cited cases. Defendants respectfully refer the Court to the 2020 Rule and those cases for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

152.    This paragraph characterizes the 2016 Rule and the 2020 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2020 Rule and for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

153. This paragraph characterizes the 2020 Rule. Defendants respectfully refer the Court to the 2020 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

154. This paragraph characterizes the cited cases. Defendants respectfully refer the Court to the cited cases for a complete and accurate statement of their contents.

155. Admitted that the Supreme Court decided *Bostock* on June 15, 2020. Defendants respectfully refer the Court to the *Bostock* decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

156. This paragraph characterizes the *Bostock* decision and a dissenting opinion in that case. Defendants respectfully refer the Court to *Bostock* for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

157. This paragraph characterizes the *Bostock* decision. Defendants respectfully refer the Court to *Bostock* for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

158. This paragraph characterizes the *Bostock* decision. Defendants respectfully refer the Court to *Bostock* for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

159. This paragraph characterizes the *Bostock* decision. Defendants respectfully refer the Court to *Bostock* for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

160. This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This

paragraph otherwise states legal conclusions, to which no response is required.

161.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

162.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

163.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

164.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

165.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

166.    This paragraph characterizes a district court decision. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

167.    This paragraph characterizes this Court's decision in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to that decision for a complete and accurate statement of

its contents. This paragraph otherwise states legal conclusions, to which no response is required.

168.    This paragraph characterizes the Court's January 19, 2021 opinion in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to that opinion for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

169.    This paragraph characterizes the Court's January 19, 2021 opinion and February 19, 2021 order in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to that opinion and order for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

170.    Admitted that Defendants appealed the Court's decision in *Religious Sisters of Mercy* on justiciability grounds. The remainder of this paragraph characterizes the Eighth Circuit's decision in that case. Defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

171.    This paragraph characterizes the Court's September 15, 2023 order and October 11, 2023 amended judgment in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

172.    Defendants admit that Plaintiffs filed this suit and that the date stamped on Plaintiffs' Complaint, ECF No. 1, is October 13, 2023.

173.    This paragraph characterizes the cited executive order. Defendants respectfully refer the Court to that executive order for a complete and accurate statement of its contents.

174.    This paragraph characterizes the cited notice. Defendants respectfully refer the

Court to that notice for a complete and accurate statement of its contents.

175.    The first sentence of this paragraph characterizes the plaintiffs' lawsuit in *Neese v. Becerra*, 2:21-CV-163-Z (N.D. Tex.). Defendants respectfully refer the Court to the plaintiffs' complaint in that action for a complete and accurate statement of its contents. The remaining allegations in this paragraph characterize the district court's opinion and final judgment in that case. Defendants respectfully refer the Court to that opinion and final judgment for a complete and accurate statement of their contents.

176.    Admitted that the 2024 Rule was published in May 2024. This paragraph otherwise characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

177.    This paragraph characterizes the 2020 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2020 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

178.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

179.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

180.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

181.    This paragraph characterizes the 2022 Notice of Proposed Rulemaking ("2022 NPRM"). Defendants respectfully refer the Court to the 2022 NPRM for a complete and accurate

statement of its contents.

182.    This paragraph characterizes the 2022 NPRM. Defendants respectfully refer the Court to the 2022 NPRM for a complete and accurate statement of its contents.

183.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

184.    This paragraph characterizes the 2024 Rule, the cited court of appeals decision, and the cited guidance document. Defendants respectfully refer the Court to the 2024 Rule, the court of appeals decision, and the guidance document for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

185.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

186.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

187.    This paragraph characterizes the 2016 Rule and 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

188.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

189.    This paragraph characterizes the 2022 NPRM and the 2024 Rule. Defendants respectfully refer the Court to the 2022 NPRM and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

190.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

191.    This paragraph characterizes the cited document. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

192.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

193.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

194.    Defendants deny the allegations in the first sentence of this paragraph. The remainder of this paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

195.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

196.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants

respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

197.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

198.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

199.    This paragraph characterizes the 2022 NPRM and the 2024 Rule. Defendants respectfully refer the Court to the 2022 NPRM and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

200.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

201.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

202.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

203.    This paragraph characterizes Exhibit K attached to Plaintiffs' Amended Complaint. Defendants refer the Court to Exhibit K for a complete and accurate statement of its contents.

204.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

205.    This paragraph characterizes Exhibit L attached to Plaintiffs' Amended Complaint. Defendants refer the Court to Exhibit L for a complete and accurate statement of its contents.

206.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

207.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

208.    This paragraph characterizes the cited statute, cited legislative history, cited regulations, the 2016 Rule, and the 2024 Rule. Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

209.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

210.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants

respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

211.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

212.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

213.    This paragraph characterizes comments on the 2022 NPRM. Defendants respectfully refer the Court to those comments for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

214.    Denied.

215.    This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

216.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

217.    This paragraph characterizes the 2016 Rule, the 2024 Rule, a district court

decision, and a separate HHS rulemaking. Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

218.     This paragraph characterizes the cited memorandum and the 2024 Rule. Defendants respectfully refer the Court to that memorandum and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

219.     This paragraph characterizes the cited decision memoranda. Defendants respectfully refer the Court to those memoranda for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

220.     This paragraph characterizes the 2024 Rule, this Court's memorandum opinion in *Religious Sisters of Mercy*, and the Eighth Circuit's decision in *Religious Sisters of Mercy*. Defendants respectfully refer the Court to the 2024 Rule and those decisions for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

221.     This paragraph characterizes the 2024 Rule and the 2016 Rule. Defendants respectfully refer the Court to the 2024 Rule and the 2016 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

222.     Admitted that EEOC issued the document attached as Exhibit J to the Amended Complaint and previously posted on the EEOC webpage cited in this paragraph. Defendants respectfully refer the Court to those materials for a complete and accurate statement of their

contents. This paragraph otherwise states legal conclusions, to which no response is required.

223.    Admitted that EEOC issued the News Release and decision cited in this paragraph. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

224.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of this paragraph. Admitted that Mr. Robinson filed the referenced case and that EEOC filed an amicus brief in that action. Defendants respectfully refer the Court to Mr. Robinson's complaint and the EEOC's amicus brief for a complete and accurate statement of their contents.

225.    This paragraph characterizes the cited article.  Denied. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of the article's contents. To the extent that the paragraph alleges that the EEOC took an enforcement action against the entity referenced in the article, Defendants deny that allegation.

226.    Denied that EEOC initiated an enforcement action against the entity referenced in this paragraph. The third sentence of this paragraph contains a characterization of the EEOC's request to a third party in response to a charge of discrimination; Defendants deny the characterization and note that the confidentiality provisions of Title VII, 42 U.S.C. §§ 2000e-5(b) and 2000e-8(e) prohibit EEOC from providing information regarding the processing of a charge. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

227.    This paragraph states legal conclusions, to which no response is required.

228.    This paragraph characterizes the cited court of appeals decision. Defendants

respectfully refer the Court to the cited decision for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

229.     Admitted that the United States, not EEOC specifically, filed the brief attached as Exhibit N to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to Exhibit N for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

230.     This paragraph sets out legal conclusions, to which no response is required. To the extent that a response is required, this paragraph summarizes the preceding paragraphs, and Defendants incorporate by reference their responses to the preceding paragraphs and note that any investigation or enforcement action under Title VII is subject to applicable defenses.

231.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

232.     This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

233.     This paragraph characterizes the 2016 Rule and the 2024 Rule. Defendants respectfully refer the Court to the 2016 Rule and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

234.     This paragraph characterizes the 2016 Rule, the 2024 Rule, and Title VII. Defendants respectfully refer the Court to the 2016 Rule, the 2024 Rule, and Title VII for a

complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

235.     Denied as to EEOC. As to HHS, this paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

236.     This paragraph characterizes Title VII, the 2016 Rule, and the 2024 Rule. Defendants respectfully refer the Court to Title VII, the 2016 Rule, and the 2024 Rule for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

237.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

238.     This paragraph characterizes the 2024 Rule and HHS Form 690. Defendants respectfully refer the Court to the 2024 Rule and HHS Form 690 for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

239.     This paragraph characterizes the cited statutes. Defendants respectfully refer the Court to those statutes for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

240.     This paragraph characterizes the 2024 Rule, the cited statutes, and the cited decisions. Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no

response is required.

241.    This paragraph characterizes Title VII and 42 U.S.C. § 1981a. Defendants respectfully refer the Court to Title VII and 42 U.S.C. § 1981a for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

242.    This paragraph characterizes Title VII, Title IX, Section 1557, and the cited decisions. Defendants respectfully refer the Court to Title VII, Title IX, Section 1557, and the cited decisions for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

243.    This paragraph characterizes Title VII, Section 1557, and 42 U.S.C. § 1988. Defendants respectfully refer the Court to Title VII, Section 1557, and 42 U.S.C. § 1988 for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

244.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

245.    This paragraph characterizes an uncited "EEOC[] Interpretation," not allegations of fact, and thus no response is required. This paragraph otherwise states legal conclusions, to which no response is required.

246.    This paragraph states legal conclusions, to which no response is required.

247.    This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

248.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

249.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this first, third, and fourth sentences of this paragraph. The second sentence of this paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

250.    Denied that CBA members will be harmed absent injunctive relief. This paragraph otherwise states legal conclusions, to which no response is required.

251.    Denied that CBA members will be harmed absent injunctive relief. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious convictions, the services they provide, or their ministries. This paragraph otherwise states legal conclusions, to which no response is required.

252.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' health services and activities, religious exercise, and Catholic values. This paragraph otherwise states legal conclusions, to which no response is required.

253.    This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

254.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

255.    Denied that CBA members will be harmed absent injunctive relief. This paragraph

otherwise states legal conclusions, to which no response is required.

256.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' exercise of religion and any effects in the market for recruiting workers. This paragraph otherwise states legal conclusions, to which no response is required.

257.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

258.     This paragraph states legal conclusions, to which no response is required.

259.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

260.     Denied as to the first sentence of this paragraph and denied that CBA members will be harmed absent injunctive relief. Defendants lack sufficient knowledge or information to form a belief about the second sentence of this paragraph. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

261.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' exercise of religion. This paragraph otherwise states legal conclusions, to which no response is required.

262.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

263.     Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations in this paragraph.

264.    Denied that CBA members will be harmed absent injunctive relief. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

265.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' exercise of religion. This paragraph otherwise states legal conclusions, to which no response is required.

266.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

267.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' communications with their TPAs. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

268.    Denied that CBA members will be harmed absent relief from this Court. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' Catholic convictions. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such

"Mandate."

269.    Denied that all CBA members will be harmed absent relief from this Court. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' Catholic convictions. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

270.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

271.    Admitted that HHS and EEOC are agencies. This paragraph characterizes the APA, the 2016 Rule, and Exhibit J to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to the APA, the 2016 Rule, and Exhibit J for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

272.    This paragraph states legal conclusions, to which no response is required.

273.    This paragraph states legal conclusions, to which no response is required.

274.    The first sentence of this paragraph characterizes the APA. Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents. This paragraph otherwise consists of legal conclusions, to which no response is required.

275.    This first sentence of this paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

276.    This paragraph states legal conclusions, to which no response is required.

277.    The second sentence of this paragraph characterizes Title VII. Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

278.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

279.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

280.    This paragraph characterizes the 2024 Rule and the cited statute. Defendants respectfully refer the Court to the 2024 Rule and the cited statute for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

281.    This paragraph characterizes the 2024 Rule and the cited statute. Defendants respectfully refer the Court to the 2024 Rule and the cited statute for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

282.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

283.    This paragraph states legal conclusions, to which no response is required.

284.    The allegations in the first sentence of this paragraph consist of Plaintiffs' quotation from the cited opinion, not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited opinion for a complete and accurate statement of its contents and deny the remaining allegations in the first sentence of this paragraph. The second sentence of this paragraph states a legal conclusion, to which no response is required.

285.    This paragraph states legal conclusions, to which no response is required.

286.    This paragraph states legal conclusions, to which no response is required.

287.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

288.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

289.    The first sentence of this paragraph characterizes the APA. Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

290.    This paragraph states legal conclusions, to which no response is required.

291.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

292.    This paragraph characterizes an uncited "EEOC[] decision," not allegations of fact, and thus no response is required. This paragraph otherwise states a legal conclusion, to which no response is required.

293.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the

Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

294.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

295.    This paragraph characterizes an uncited "EEOC[] decision," not allegations of fact, and thus no response is required. This paragraph otherwise states a legal conclusion, to which no response is required.

296.    This paragraph states legal conclusions, to which no response is required.

297.    This paragraph states legal conclusions, to which no response is required.

298.    This paragraph states legal conclusions, to which no response is required.

299.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

300.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

301.    The first sentence of this paragraph characterizes the APA. Defendants respectfully refer the Court to the APA for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

302.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

303.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph

otherwise states legal conclusions, to which no response is required.

304.     This paragraph characterizes an uncited "EEOC[] prohibition," not allegations of fact, and thus no response is required. This paragraph otherwise states legal conclusions, to which no response is required.

305.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

306.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

307.     This paragraph characterizes the 2024 Rule and Title VII. Defendants respectfully refer the Court to the 2024 Rule and Title VII for a complete and accurate statement of their contents. This paragraph otherwise states legal conclusions, to which no response is required.

308.     This paragraph states legal conclusions, to which no response is required.

309.     This paragraph states legal conclusions, to which no response is required.

310.     This paragraph states legal conclusions, to which no response is required.

311.     Denied.

312.     Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

313.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

314.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph

otherwise states legal conclusions, to which no response is required.

315.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

316.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

317.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

318.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

319.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

320.    This paragraph states legal conclusions, to which no response is required.

321.    This paragraph states legal conclusions, to which no response is required.

322.    This paragraph states legal conclusions, to which no response is required.

323.    Denied.

324.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

325.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

326.    Defendants lack sufficient knowledge or information to form a belief about the

truth of the allegations in this paragraph.

327.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious or conscientious views.  This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

328.     Denied.

329.     This paragraph states legal conclusions, to which no response is required.

330.     This paragraph states legal conclusions, to which no response is required.

331.     This paragraph states legal conclusions, to which no response is required.

332.     Denied.

333.     Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

334.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

335.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.  This paragraph otherwise states legal conclusions, to which no response is required.

336.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

337.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

338.    This paragraph states a legal conclusion, to which no response is required.

339.    This paragraph states a legal conclusion, to which no response is required.

340.    This paragraph states a legal conclusion, to which no response is required.

341.    This paragraph states a legal conclusion, to which no response is required.

342.    Denied.

343.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

344.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

345.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

346.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

347.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

348.    This paragraph characterizes Title IX. Defendants respectfully refer the Court to Title IX for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

349.    This paragraph states legal conclusions, to which no response is required.

350.    Denied.

351.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

352.    This paragraph states legal conclusions, to which no response is required.

353.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents.

354.    This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required.

355.    This paragraph states legal conclusions, to which no response is required.

356.    Denied.

357.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

358.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

359.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

360.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

361.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

362.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

363.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the

existence of such "Mandate."

364.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

365.    This paragraph states a legal conclusion, to which no response is required.

366.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

367.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

368.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

369.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

370.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants also deny the existence of such "Mandate."

371.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

372.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this

paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

373.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required.

374.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required.

375.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required.

376.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required.

377.    This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

378.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

379.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

380.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

381.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

382.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

383.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

384.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

385.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

386.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

387.     Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants also deny the existence of such "Mandate."

388.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

389.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

390.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

391.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph regarding CBA members' religious beliefs. This paragraph otherwise states legal conclusions, to which no response is required.

392.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

393.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

394.    Denied as to the first sentence of this paragraph. This paragraph otherwise states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

395.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

396.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the

existence of such "Mandate."

397.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

398.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

399.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

400.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

401.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

402.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants also deny the existence of such "Mandate."

403.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

404.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

405.    This paragraph states a legal conclusion, to which no response is required. To the

extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

406.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

407.     This paragraph characterizes the 2024 Rule. Defendants respectfully refer the Court to the 2024 Rule for a complete and accurate statement of its contents. This paragraph otherwise states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

408.     This paragraph states legal conclusions, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

409.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

410.     This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

411.     This paragraph states a legal conclusion, to which no response is required.

412.     Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

413.     Defendants restate and incorporate by reference all preceding paragraphs of this

Answer as if set forth below.

414.    Admitted.

415.    This paragraph states a legal conclusion, to which no response is required.

416.    This paragraph states a legal conclusion, to which no response is required.

417.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

418.    This paragraph states a legal conclusion, to which no response is required.

419.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

420.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

421.    This paragraph states a legal conclusion, to which no response is required.

422.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

423.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

424.    This paragraph states a legal conclusion, to which no response is required.

425.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

426.    This paragraph states a legal conclusion, to which no response is required. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

427.    This paragraph states a legal conclusion, to which no response is required.

428.    Denied. To the extent this paragraph alleges the existence of a so-called "Mandate," Defendants deny the existence of such "Mandate."

429.    Defendants restate and incorporate by reference all preceding paragraphs of this Answer as if set forth below.

430.    This paragraph characterizes Title VII. Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents. This paragraph otherwise states a legal conclusion, to which no response is required.

431.    This paragraph characterizes Title VII. Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents. This paragraph otherwise states a legal conclusion, to which no response is required.

432.    This paragraph characterizes Exhibit J to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to Exhibit J for a complete and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph regarding CBA members' religious exercise.

433.    This paragraph characterizes Exhibit J to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to Exhibit J for a complete and accurate statement of its contents. This paragraph otherwise states a legal conclusion, to which no response is required.

434.    Denied. This paragraph characterizes Exhibit J to Plaintiffs' Amended Complaint. Defendants respectfully refer the Court to Exhibit J for a complete and accurate statement of its

contents.

The remaining paragraphs consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Defendants hereby deny all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed required.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs failed to exhaust administrative remedies.

2.  Plaintiffs' claims are barred by res judicata.

Dated:   July 1, 2024                              Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington, DC  20005
Telephone: (202) 305-0878
Email: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*