UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; SISTERS OF ST. FRANCIS OF THE IMMACULATE HEART OF MARY; ST. ANNE'S GUEST HOME; and ST. GERARD'S COMMUNITY OF CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY JR., Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREA LUCAS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendants.* | No. 3:23-cv-203-PDW-ARS |

**PLAINTIFFS' MOTION TO CLARIFY THE COURT'S ORDER
REGARDING ASSOCIATIONAL RELIEF**

Plaintiffs Catholic Benefits Association, the Sisters of St. Francis of the Immaculate Heart of Mary, St. Anne's Guest Home, and St. Gerard's Community of Care move to clarify the Court's order in the following two respects.[1]

---

[1] Under Rule of Civil Procedure 54(b), an order which adjudicates fewer than all of the claims "is subject to revision at any time before the entry of judgment." Thus, a district court has the power to modify or overturn an interlocutory order during the period of time that it remains interlocutory. *See, e.g.*, *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 812 (8th Cir. 1969); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *Detroit Auto Dealers Ass'n, Inc. v. Fed. Trade Comm'n*, 84 F.3d 787, 789 (6th Cir. 1996).

1

1. **The Court should clarify that CBA Members who are members on the date of final judgment are protected.**

CBA Plaintiffs respectfully request the Court clarify that, to be protected by the Court's order granting in part CBA's motion for summary judgment, CBA members must be members of the Association as of the date of the Court's final judgment. The Court's order on summary judgment protects "the CBA's members" from Section 1557 of the Affordable Care Act and Title VII to the extent they require coverage and provision of gender-transition interventions. ECF No. 78, p. 18-19. And while the Court reasoned that extending relief to "future" CBA members would, in the Court's view, violate the principle of party-specific relief, the Court did not specify on what date a CBA member who joins the Association would be considered a "future" member.

In the section of the Court's order on associational relief, the Court relied on Professor Morley's article, *Disaggregating Nationwide Injunctions*, 71 Ala. L. Rev. 1, 25-26 (2019), in reasoning that relief should be party-specific. ECF No. 78, p. 17-18. Professor Morley also recommends a timeframe for membership via-à-vis the injunction: "When the plaintiff association prevails, the proper relief is a plaintiff-oriented injunction tailored to preventing the government from enforcing the challenged legal provision against the organization's members *at the time of judgment*." Michael T. Morley, *Disaggregating Nationwide Injunctions*, 71 Ala. L. Rev. 1, 26 (2019) (emphasis added). Accordingly, Plaintiffs respectfully request that the Court's order be amended to clarify that its relief extends to those CBA members who are members of the Association as of the date of entry of final judgment in the case.

2. **The Court should clarify the procedure for protecting CBA members.**

As explained above, and consistent with the principle of party-specific relief, the Court's order on summary judgment should be clarified to define "current" CBA members as members "*as of the date of final judgment.*" But this clarification still leaves unresolved how to handle members of the CBA who join the Association after final judgment.

In that regard, the Court should adopt the approach to members who join after final judgment used by the Western District of Oklahoma in *Catholic Benefits Association v. Burwell*, a suit which challenged the federal government contraceptive, abortifacient, sterilization, and counseling mandate (the "CASC Mandate"). There, after numerous requests by the Catholic Benefits Association to extend injunctive relief to groups of members that joined the CBA after the Court's order, the Court adopted a streamlined procedure "to include organizations that join the CBA after the date of this Order within the scope of the" Court's injunction:

> (1) Plaintiffs may file a verified motion to amend the preliminary injunction with regard to new . . . CBA members that establishes the following:
>
> > (a) The CBA has a stated number of new members that are not yet protected from the CASC Mandate;
> >
> > (b) The CBA's Membership Director or CEO has determined that these Catholic employers meet the CBA's strict membership criteria;
> >
> > (c) The CBA's membership criteria have not changed since the CBA filed its complaint on [the date the complaint was filed]; and
> >
> > (d) The new CBA members have not had an adverse ruling on the merits issued against them in another case involving the CASC Mandate.
>
> (2) Plaintiffs may not file such a motion more often than every three months (unless there is an emergency situation, such as the threatened imposition of substantial fines, the imminent risk of loss of health care coverage for employees of CBA members, or similar situations). . . .

ECF No. 107, *Catholic Benefits Association v. Burwell*, 5:14-cv-00240-R (W.D. Okla. May 28, 2015), attached Exhibit 1.

The Court should adopt this procedure for three reasons.

First, doing so will avoid repetitive arguments or new lawsuits each time a new member joins the CBA over the years ahead. All CBA members are similarly situated via-à-vis the Government's gender-transition mandate. And short of supervising the Court's injunction by this procedure, the Court will be inundated with one-off cases seeking relief for new CBA members. *See Christian Emps. All. v. Azar*, 2019 WL 2130142, at *4–5 (D.N.D. May 15, 2019) (revising injunction in litigation involving organizational plaintiff to avoid "continuous litigation" that would "be a waste of judicial resources as well as the time and resources of the litigants").

Second, this procedure would avoid the Court's concern related to party-specific relief. *See* ECF No. 78, p. 17-18. By extending the terms of the injunction to *specific* members through a verified process, the Court would ensure that its relief extends only to actual members of the CBA. Further, the procedure ensures that all members meet the criteria for membership as of the date the suit was filed.

Third, this procedure will prevent the harm to CBA members' rights of association and religious freedom of having to go through individual litigation on a case-by-case basis scores of times over. In *Christian Employers Alliance v. EEOC*, 2022 WL 1573689, at *5 (D.N.D. May 16, 2022), this Court ruled that requiring religious organizations "to prove they are religious or evaluating whether their religious preferences can withstand a case-by-case analysis is [itself] a sufficient injury" to violate the Religious Freedom Restoration Act. The CBA was established "[t]o work and advocate for religious freedom of Catholic and other religious employers" and "[t]o support

4

Catholic employers" who, "as part of their religious witness and exercise," wish to provide employee benefits "in a manner that is consistent with Catholic values." ECF No. 46, Am. Compl., ¶ 45. Creating a procedure to protect new members would ensure that their rights are protected while avoiding repetitive litigation.

## CONCLUSION

For the foregoing reasons, CBA Plaintiffs respectfully request the Court clarify its order on summary judgment (ECF No. 78) to (1) define "current member" to mean "current member as of the date of entry of final judgment" and (2) adopt a procedure to extend relief to members who join after that date. A proposed order granting this motion is attached hereto.

DATED: August 1, 2025

Respectfully submitted,

*/s/ L. Martin Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-2386
martin@first-fourteenth.com
andrew@first-fourteenth.com
*Attorneys for Plaintiffs*