IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, *et al.* | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | No. 3:23-cv-00203-PDW-ARS |
| ROBERT F. KENNEDY, JR., *et al.* | ) ) ) | |
| *Defendants.* | ) ) ) | |

**DEFENDANTS' MOTION TO AMEND SUMMARY JUDGMENT ORDER**

Pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 7.1(B), Defendants hereby move to amend the Court's summary judgment Order, ECF No. 78 ("SJ Order"), to clarify that the Equal Employment Opportunity Commission ("EEOC") may take administrative actions required by Title VII to allow individuals who allege discrimination to meet the statute's claim processing requirements. Defendants request that the Court add language identical to language in this Court's final judgment order in *Religious Sisters of Mercy v. Cochran*, Case No. 3:16-cv-00386, Case No. 3:16-cv-00432, 2021 WL 1574628 (D.N.D. Feb. 19, 2021), *aff'd in part, remanded in part sub nom. Religious Sisters of Mercy v. Becerra*, 55 F.4th 583 (8th Cir. 2022).[1] Counsel for Plaintiffs have indicated that Plaintiffs oppose this motion.

---

[1] Specifically, Defendants request that the Court add the following language:

Nothing in this order shall prevent the EEOC from:

(1) taking any action in connection with the acceptance of a charge for filing regardless of the source, including receiving an online inquiry via the agency's Public Portal or requesting or receiving a questionnaire or other correspondence from the charging

## BACKGROUND

Given that the Court recently issued a detailed decision in this case, Defendants do not recount again here the full factual and procedural background. As relevant to this motion, on June 5, 2025, this Court granted in part and denied in part both Plaintiffs' Motion for Partial Summary Judgment and Defendants' Cross-Motion for Partial Summary Judgment. *See* SJ Order at 18. The Court entered the following order relevant to EEOC:

> The Court further **DECLARES** that the EEOC's interpretation of Title VII that requires the CBA and its members to provide insurance coverage for gender-transition procedures violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA. The Court **PERMANENTLY ENJOINS AND RESTRAINS** the EEOC, Chair Lucas, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any implementing regulations thereto against the CBA and its current members in a manner that would require them to provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

*Id.* at 19.

---

> party, when the charge concerns an allegation against a CBA member concerning the exclusion of gender-transition procedures from its insurance coverage;
>
> (2) accepting a charge alleging that a CBA member does not provide insurance coverage for gender-transition procedures, and from entering the charge into the EEOC's computer systems;
>
> (3) serving a notice of the charge upon a CBA member within ten days as required by 42 U.S.C. § 2000e-5(b); or
>
> (4) issuing a right-to-sue notice to a charging party who has filed a charge against a CBA member concerning the exclusion of gender-transition procedures from its insurance plan in accordance with the requirements and procedures set forth in 42 U.S.C. § 2000e-5(b) & (f)(1) and 29 C.F.R. § 1601.28(a)(1) & (2).

*Religious Sisters of Mercy v. Cochran*, 2021 WL 1574628, at *2. The parties have also filed a joint motion asking that the Court add additional language derived from this Court's final judgment in *Religious Sisters of Mercy* providing that EEOC and HHS do not violate the injunction by taking action against someone that the agency does not know is protected by the injunction. *See* Joint Mot. to Amend the Court's Order on Summ. Judg., ECF No. 78, at 3-4. The Court should grant that motion as well.

**ARGUMENT**

Because the Court has not yet entered final judgment, the Court's Summary Judgment Order "is subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). "The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995); *see also Avery v. E&M Servs., LLC*, 342 F.R.D. 260, 265 (D.N.D. 2022) ("District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order.") (citation omitted).

Defendants respectfully submit that amendment of this Court's Summary Judgment Order is appropriate to clarify that EEOC may take certain administrative steps necessary to process individuals' claims of discrimination; to inform entities—including the CBA members and entities that have relationships with them—that a claim of discrimination has been made against them; and to issue "right-to-sue" notices to protect the rights of claimants to bring suit on their own under Title VII if they so choose. *See Fort Bend Cnty. v. Davis*, 587 U.S. 541, 545 (2019) ("Whether or not the EEOC acts on the charge, a complainant *is entitled* to a 'right-to-sue' notice 180 days after the charge is filed.") (emphasis added).

The need for this modification arises out of Title VII's carefully crafted statutory structure. Under Title VII, an individual who seeks redress for employment discrimination may not independently file suit in the first instance. Rather, the individual must start by filing an administrative charge of discrimination with EEOC. *See* 42 U.S.C. § 2000e-5; 29 C.F.R. § 1601.7. Such charges must be filed within a strict time frame (within either 180 or 300 days of the alleged unlawful employment practice) in order for an individual to maintain a claim. *See* 42 U.S.C. § 2000e-5(e)(1).[2] Once a charge

---

[2] Individuals interested in filing a charge of discrimination are encouraged to initiate the process themselves by submitting an "online inquiry" through EEOC's Public Portal and then scheduling an interview. *See* https://www.eeoc.gov/filing-charge-discrimination. Whether they have

3

is filed, EEOC "shall serve a notice of the charge" upon the respondent "within ten days." 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.14(a). EEOC must investigate the charge and determine whether there is reasonable cause to believe that the charge is true. 42 U.S.C. § 2000e-5(b) (EEOC "shall make an investigation" and "shall" dismiss the charge and "promptly notify" the parties upon finding no reasonable cause, or if it finds cause, "shall" attempt to resolve the charge with the respondent); 29 C.F.R. § 1601.15.

If EEOC dismisses a charge, the charging party may file a lawsuit against the employer named in the charge within 90 days of receipt of the Dismissal and Notice of Rights, which is often called a right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. §§ 1601.18(b) & 1601.19(a). Further, if EEOC has not filed suit or entered into a conciliation agreement within 180 days after the charge is filed, the charging party may request a right-to-sue notice and file suit against the employer named in the charge within 90 days of receipt of the right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1); *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365 (1977) (holding that section 2000e-5(f)(1) is intended to enable an aggrieved person unwilling to await the conclusion of extended EEOC proceedings to institute a private lawsuit 180 days after a charge has been filed). Finally, if fewer than 180 days have passed since the filing of the charge and the charging party requests a right-to-sue notice, EEOC may issue the notice provided that a designated EEOC official determines "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180

---

gone through this process, contacted the agency's Information Intake Group, or contacted an EEOC office directly, an individual's first contact with an EEOC employee will be with intake staff. EEOC's general practice is to prepare a formal charge of discrimination, called a "Form 5 Charge of Discrimination," after an intake officer clarifies the charging party's allegations. However, other documents may also qualify as a charge of discrimination, including letters and questionnaires sent to EEOC by charging parties that satisfy the requirements of a charge. EEOC may also receive charges from Fair Employment Practice Agencies, with whom EEOC has worksharing agreements, as well as other federal agencies. And EEOC sometimes receives from charging parties or their attorneys completed "Form 5" charges of discrimination.

4

days from the filing of the charge and has attached a written certificate to that effect." 29 C.F.R. § 1601.28(a)(2).

EEOC requests an amendment that would clarify that the Summary Judgment Order does not prohibit the EEOC from accepting a charge on behalf of an individual alleging discrimination, from serving notice of the charge upon a CBA member, and from issuing a right-to-sue notice to individuals who allege discrimination. If the Summary Judgment Order were to prohibit that conduct, absent an equitable exception,[3] it could interfere with individual claimants' ability to meet the preconditions in Title VII to bring suit for discrimination. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *see also Fort Bend Cnty.*, 587 U.S. at 552 (2019) (explaining that, while not jurisdictional, Title VII's claim-processing rules are mandatory and that the failure to comply is a "potentially dispositive defense").

No language in the Court's Summary Judgment Order suggests that the Court intended its injunction to create obstacles for private individuals to bring suit based on an alleged violation of Title VII. Indeed, Plaintiffs brought suit only against federal government agencies, not private individuals, and those individuals' interests should not be prejudiced by the Court's Order. *Cf. Thompson v. Freeman*, 648 F.2d 1144, 1147 (8th Cir. 1981) ("[A] non-party may be enjoined under Rule 65(d) only when its interests closely identify with those of the defendant, when the nonparty and defendant stand in privity, or when the defendant represents or controls the nonparty." (quotations omitted)). However, unless EEOC is able to accept charges and administratively process charges of discrimination,

---

[3] *See Woods v. Missouri Dep't of Mental Health*, 581 F. Supp. 437, 443 (W.D. Mo. 1984) ("[T]he requirement of receiving a notice of right to sue is not jurisdictional but a requirement subject to equitable waiver, modification or estoppel and that, under the facts of this case, the requirement should be waived and plaintiff allowed to proceed."); *cf. Jones v. American State Bank,* 857 F.2d 494, 499 (8th Cir. 1988) ("[T]he failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect."); *Fouche v. Jekyll Island-State Park Auth.,* 713 F.2d 1518, 1525-26 (11th Cir. 1983) (where plaintiff diligently sought right-to-sue notice but Attorney General refused to issue it, requirement of right-to-sue notice "is waived") (*relying in part on Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982) ("[T]he receipt of a right-to-sue letter is a condition precedent, which on proper occasion may be equitably modified.")).

5

individual claimants may be unable to satisfy Title VII's claim processing requirements. To be sure, individual claimants might argue for equitable exceptions to the requirement of a notice of right to sue.[4] But without the 90-day statutory limitations period for suit triggered by issuance of notice, *see* 42 U.S.C §§ 2000e-5(f)(1), 2000gg-2; 29 C.F.R. § 1601.28, employers would suffer uncertainty about whether and when employees might sue, and could be subject to litigation for claims that would have otherwise long expired. Employees would be similarly confused about their rights under the statute. And employees, employers, and courts would be further burdened by having to litigate the applicability of equitable exceptions. This Court should avoid triggering such administrative confusion and costs.

Accordingly, Defendants respectfully ask that the Court amend its Order to specify that, notwithstanding the Court's injunction, EEOC may (1) take any action in connection with the acceptance of a charge for filing regardless of the source, including receiving an online inquiry via the agency's Public Portal or requesting or receiving a questionnaire or other correspondence from the charging party, when the charge concerns an allegation against a CBA member concerning the exclusion of gender-transition procedures from its insurance coverage; (2) accept a charge alleging that a CBA member does not provide insurance coverage for gender-transition procedures, and enter the charge into EEOC's computer systems; (3) serve notice of the charge upon a CBA member within ten days as required by 42 U.S.C. § 2000e-5(b); and (4) issue a right-to-sue notice to a charging party who has filed a charge against a CBA member concerning the exclusion of gender-transition procedures from its insurance plan in accordance with the requirements and procedures set forth in 42 U.S.C. § 2000e-5(b) & (f)(1) and 29 C.F.R. § 1601.28(a)(1) & (2).

The amendment sought by Defendants is identical to a modification that this Court entered in *Religious Sisters of Mercy*, a similar case brought by CBA to challenge similar alleged actions of EEOC.

---

[4] The time limits for filing a charge and suit are not jurisdictional and are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Lawrence v. Cooper Communities*, 132 F.3d 447, 451 (8th Cir. 1998).

*See Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1133 (D.N.D. 2021). This Court initially entered an injunction that enjoined EEOC and HHS from interpreting or enforcing Title VII and Section 1557 against CBA members or their insurers or third-party administrators in a way that would require them to cover or perform gender-transition procedures. *Id.* at 1154. Defendants moved to modify the injunction, and plaintiffs agreed to include the agencies' proposed language in their proposed final judgment. This Court then entered final judgment, adding to the injunction the requested language clarifying that EEOC can perform administrative tasks related to accepting and processing claims. *See Religious Sisters of Mercy v. Cochran*, 2021 WL 1574628, at *2.

In a similar case brought by another organization representing religious employers, Christian Employers Alliance, Judge Traynor likewise granted a motion to add substantively identical language to a preliminary injunction, and he then included that same language in a permanent injunction entered later in the case. *See* Order Granting Motion to Amend/Correct at 4-5, *Christian Emps. All. v. U.S. Equal Employment Opportunity Comm'n*, 1:21-cv-00195-DMT-CRH, ECF No. 44 (D.N.D. July 28, 2022); Order Granting Motion for Partial Summary Judgment at 20, *Christian Emps. All.*, ECF No. 82 (D.N.D. Mar. 4, 2024). *But see Catholic Benefits Ass'n v. Lucas*, 1:24-cv-00142-DMT, 2025 WL 1144768, at *4 (D.N.D. Apr. 15, 2025) (in case regarding EEOC regulation to implement the Pregnant Workers Fairness Act, enjoining EEOC from "issuing any notice of right-to-sue" related to claims covered by the injunction).

Consistent with the Court's judgment in *Religious Sisters of Mercy*, this Court should amend its Summary Judgment Order to clarify that EEOC may take administrative actions required by Title VII to allow individuals who allege discrimination to meet the statute's claim processing requirements.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the Court amend its Summary Judgment Order as proposed in the accompanying Proposed Order.

Dated: August 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*