IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, *et al.* | )<br>)<br>) |
| *Plaintiffs*, | )<br>)<br>) |
| v. | ) No. 3:23-cv-00203-PDW-ARS |
| ROBERT F. KENNEDY, JR., *et al.* | )<br>)<br>) |
| *Defendants*. | )<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CLARIFY THE COURT'S ORDER REGARDING ASSOCIATIONAL RELIEF**

Defendants hereby respond to Plaintiffs' Motion to Clarify the Court's Order Regarding Associational Relief, ECF No. 80 ("Motion" or "Mot."). Plaintiffs request two forms of relief: (1) that the Court clarify that the Court's permanent injunction entered in its summary judgment Order, ECF No. 78 ("SJ Order"), applies to those who are members of Plaintiff Catholic Benefits Association ("CBA") as of the date of final judgment, Mot. 2, and (2) that the Court adopt a procedure for approving future motions to amend the Court's final judgment to extend relief to future members of CBA, *id.* at 3-5. Defendants do not oppose Plaintiffs' first request, and Defendants would not object to an order from the Court clarifying that the Summary Judgment Order applies to members of CBA as of final judgment. However, for the reasons explained below, the Court should reject Plaintiffs' second request.

This Court rightly concluded that because "remedies 'ordinarily operate with respect to specific parties,'" SJ Order 17 (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)), "[g]ranting relief to the CBA's future members" would "stray too far from the principle of party-specific relief,"

*id.* at 18. That ruling faithfully reflected Supreme Court precedents governing associational standing, which "recognize[] that an association has standing to bring suit *on behalf of its members*" when the test for associational standing is satisfied, *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) (emphasis added), but have never recognized an association's standing to bring suit on behalf of someone who is not yet a member.

The Supreme Court's recent ruling in *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), has further bolstered this Court's decision to deny relief to future members. *CASA* held that federal courts lack authority to issue universal injunctions, explaining that "[t]raditionally, courts issued injunctions prohibiting executive officials from enforcing a challenged law or policy only against the plaintiffs in the lawsuit." *Id.* at 2548. The Supreme Court has "consistently rebuffed requests for relief that extended beyond the parties," based on "the party-specific principles that permeate [the Supreme Court's] understanding of equity." *Id.* at 2552. Therefore, courts in equity may not issue "injunctions" that "are broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at 2562-63. Awarding relief to entities that are not members of CBA as of the date of final judgment would contravene the legal principles announced in *CASA* because it would not limit relief to the parties and would be broader than necessary to provide complete relief to the parties.[1]

The Court should reject Plaintiffs' request for the Court to circumvent this limitation on the Court's equitable authority by preapproving future amendments to the Court's final judgment to reach future members. Plaintiffs request that the Court adopt a procedure under which Plaintiffs will file

---

[1] Plaintiffs cite a case in which another judge of this Court granted an injunction that extended relief to future members of an organization that represented the interests of religious employers, reasoning that doing so would be efficient by preventing the need for further litigation on behalf of future members. *See Christian Emps. All. v. Azar*, No. 3:16-cv-309, 2019 WL 2130142, at *4-5 (D.N.D. May 15, 2019); *see also Christian Emps. All. v. EEOC*, No. 1:21-cv-195, 2022 WL 1573689, at *9 (D.N.D. May 16, 2022) (case cited by Plaintiffs granting injunctive relief to future members of the same organization). However, in *CASA*, the Supreme Court explained that "the policy pros and cons are beside the point." 145 S. Ct. at 2560. Regardless of the purported strength of policy arguments, "courts lack authority to issue" injunctions that go beyond traditional equitable remedies. *Id.*

2

regular motions to amend the Court's final judgment to cover future members of CBA, that is, "members of the CBA who join the Association after final judgment." Mot. 3. It is evident that Plaintiffs envision that the Court will grant these motions on a pro forma basis, explaining that this procedure would "avoid repetitive arguments" by enabling the Court to "extend[] the terms of the injunction" to future members of CBA in order to "protect new members" and "ensure that their rights are protected while avoiding repetitive litigation." *Id.* at 4-5. Thus, Plaintiffs seek a ruling that would not differ in substance from what the Court already rejected: a permanent injunction extending relief to current and future members of CBA.

Plaintiffs' contention that they simply ask this Court to "adopt the approach to members who join after final judgment used by the Western District of Oklahoma in *Catholic Benefits Association v. Burwell*," *id.* at 3, is incorrect. *CBA v. Burwell* differed from this case in an important respect. In *CBA v. Burwell*, the court had issued a *preliminary injunction* and adopted a procedure for "motion[s] to amend the preliminary injunction." Mot. Ex. 1, ECF No. 80-1, at 2. Here, Plaintiffs propose a procedure for serial amendments to the Court's forthcoming *final judgment*, to "extend relief to members who join after" "the date of entry of final judgment." Mot. 5. That distinction is critical, because a preliminary injunction is an interlocutory order that "may be revised at any time before the entry of" final judgment. Fed. R. Civ. P. 54(b). By contrast, the Federal Rules of Civil Procedure sharply restrict the circumstances under which a court may amend a final judgment.

The only such mechanisms are a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a final judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b). But a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, motions filed "every three months," Mot. 3, as envisioned by Plaintiffs, would be untimely under Rule 59(e).

Although Rule 60(b) does not apply such a strict time limit, *see* Fed. R. Civ. P. 60(c)(1), "Rule 60(b) authorizes relief in only the most exceptional of cases," *United States v. Royston*, No. 3:09-cr-00155-02, 2022 WL 1719647, at *3 (D.N.D. May 27, 2022) (Welte, C.J.) (quoting *Holmes v. United States*, 898 F.3d 785, 791 (8th Cir. 2018)).  Subsections 60(b)(1) through 60(b)(5) set forth specific circumstances for relief from a final judgment that clearly would not apply here.  *See* Fed. R. Civ. P. 60(b)(1)-(5).  Rule 60(b)(6) provides a catchall for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but the Supreme Court recently confirmed that "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025); *see also Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.").  It is therefore unlikely that Plaintiffs' anticipated future motions will meet the stringent requirements of Rule 60(b).  This Motion, which does not even mention Rule 60(b), certainly does not justify preapproving regular motions to amend the Court's final judgment.

This Court correctly concluded that it could not extend relief to future members of CBA consistent with the longstanding principle of party relief, recently reaffirmed by the Supreme Court in *CASA*.  The Court should reject Plaintiffs' attempt to circumvent this limit on the Court's authority by diluting the standards for amending a final judgment.

## CONCLUSION

Defendants do not oppose Plaintiffs' request that the Court clarify that its permanent injunction extends to CBA's members at the time of final judgment.  However, the Court should reject Plaintiffs' request that the Court adopt a procedure for approving future amendments to the Court's final judgment to extend relief to future members of CBA.

Dated: August 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*