UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; SISTERS OF ST. FRANCIS OF THE IMMACULATE HEART OF MARY; ST. ANNE'S GUEST HOME; and ST. GERARD'S COMMUNITY OF CARE,

*Plaintiffs,*

v.

ROBERT F. KENNEDY JR., Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREA LUCAS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Defendants.*

No. 3:23-cv-203-PDW-ARS

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY THE COURT'S ORDER REGARDING ASSOCIATIONAL RELIEF**

Defendants do not oppose Plaintiffs' request that the Court should modify its injunction to clarify that its relief extends to those CBA members who are as of the date of entry of final judgment in the case. This request being unopposed, the Court should grant it for all the reasons stated in CBA's motion.

However, Defendants do oppose Plaintiffs' request to clarify the procedure for protecting CBA members who join the Association later.

1

Defendants first argue that Plaintiffs' request would contravene *Trump v. CASA Inc.*, 145 S. Ct. 2540 (2025)—specifically, the principle of party-specific relief. ECF No. 82, p. 2. But CBA's proposed clarification, which is based on the approach of the Western District of Oklahoma in *Catholic Benefits Association v. Burwell*, 5:14-cv-00240-R (W.D. Okla. May 28, 2015), avoids that concern. Under the procedure proposed by CBA, the Court would only extend its injunction to *actual* members of the CBA who meet CBA's strict membership criteria. That is, CBA's proposal does not inure to the benefit of unknown future members of CBA, but *actual* CBA members.

Defendants next argue that the Western District of Oklahoma's approach is inapposite because it was adopted at the preliminary-injunction stage, whereas CBA's request is made in terms of permanent relief. ECF No. 82, p. 3. But that distinction is without a difference. Courts have ongoing authority to enforce and modify injunctions as part of their equitable powers. *Brown v. Plata*, 563 U.S. 493, 542 (2011) ("The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible."). If Defendants violated the injunction against CBA members, for example, this Court would be empowered to enforce compliance with its ruling. There is no reason the Court cannot supervise its injunction to ensure relief for all of CBA's members.

Third, Defendants once again wave off the serious concerns posed by repeat lawsuits against the Mandate raising identical claims as "policy" considerations. ECF No. 82, p. 2 n.1. This is astonishing: after nearly a *decade* of litigation around the Mandate, through nearly four administrations of different parties, Defendants continue to advocate for hanging a sword of Damocles over the heads of faithful Catholic employers. But CBA's concern is not a policy consideration; its concern is on the merits. On one hand, Defendants are taking the position that they can issue a Mandate that egregiously violates the sincerely held religious beliefs of thousands of Catholic employers

2

without religious exemption in one fell swoop. On the other hand, Defendants argue that such employers cannot exercise their constitutional right to associate so their voices will be amplified and devise relief that applies equally to all their members. Plaintiffs' concerns are not policy-based, but rather concern the constitutional rights of CBA and CBA's members to associate, speak, and petition their government. *See Christian Employers Alliance v. EEOC*, 2022 WL 1573689, at *5 (D.N.D. May 16, 2022 (requiring religious organizations "to prove they are religious or evaluating whether their religious preferences can withstand a case-by-case analysis is [itself] a sufficient injury" to violate the Religious Freedom Restoration Act)). The procedure proposed by CBA properly threads the Court's concerns about party-specific relief and the need for complete relief for all CBA members who fear the Government's continued threat of enforcement.

## CONCLUSION

For the foregoing reasons, CBA Plaintiffs respectfully request the Court clarify its order on summary judgment (ECF No. 78) to (1) define "current member" to mean "current member as of the date of entry of final judgment" and (2) adopt a procedure to extend relief to members who join after that date. A proposed order granting this motion is attached hereto.

DATED: August 22, 2025

Respectfully submitted,

*/s/ Andrew Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-2386
martin@first-fourteenth.com
andrew@first-fourteenth.com
*Attorneys for Plaintiffs*