UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION, on behalf of its members; SISTERS OF ST. FRANCIS OF THE IMMACULATE HEART OF MARY; ST. ANNE'S GUEST HOME; and ST. GERARD'S COMMUNITY OF CARE,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY JR., Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ANDREA LUCAS, Chair of the United States Equal Employment Opportunity Commission; and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendants.* | No. 3:23-cv-203-PDW-ARS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND SUMMARY JUDGMENT ORDER**

The Court's order granting summary judgment in favor of Plaintiffs Catholic Benefits Association, the Sisters of St. Francis of the Immaculate Heart of Mary, St. Anne's Guest Home, and St. Gerard's Community of Care permanently enjoins Defendant EEOC from *any* enforcement of EEOC's interpretation of Title VII that would require Plaintiffs cover gender-transition services in employee health plans in violation of their Catholic faith:

> The Court further **DECLARES** that the EEOC's interpretation of Title VII that requires the CBA and its members to provide insurance coverage for gender-transition procedures violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA. The Court **PERMANENTLY ENJOINS AND**

1

> **RESTRAINS** the EEOC, Chair Lucas, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting <u>or enforcing</u> Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any implementing regulations thereto against the CBA and its current members in a manner that would require them to provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to provide insurance coverage for such procedures <u>or by otherwise pursuing</u>, charging, or assessing any penalties, fines, assessments, <u>investigations,</u> <u>or other enforcement actions</u>.

ECF No. 78, p. 19 (third, fourth, and fifth emphases added). EEOC's enforcement mechanisms include issuing notice-of-right-to-sue letters (NRTS), which, if issued, reflect EEOC's determination as to whether the employer is entitled to a religious exemption. The Court's injunction therefore encompasses NRTS letters. Yet Defendants ask the Court to reverse course and expressly exclude NRTS letters from its injunction, based on arguments the Court has already considered and rejected. Because Defendants' arguments are still incorrect, their motion should be denied.[1] If the Court is inclined to modify its injunction in any way, it should state that enforcement includes NRTS letters and enjoin EEOC from issuing NRTS letters regarding the Mandate and CBA's members.

1. **NRTS letters are part of the EEOC's enforcement mechanisms.**

In *Catholic Benefits Association v. Burrows*, 732 F. Supp. 3d 1014, 1029 (D.N.D. 2024), this Court preliminarily enjoined Defendant EEOC from issuing any NRTS letter against a member of the Catholic Benefits Association that would require the member to accommodate employee

---

[1] Plaintiffs do not oppose Defendants' first three proposed modifications to the Court's injunction in footnote one of Defendants motion at pages 1-2. *See* ECF No. 81, p. 1-2 n.1. Plaintiffs only oppose modification four allowing Defendants to issue NRTS letters, because unlike the first three modifications, the NRTS letter is part of EEOC's enforcement powers as explained in this brief.

abortions, false pronouns, or access to single-sex spaces under the Pregnant Workers Fairness Act or Title VII. The Court explained, "[a] letter to an employee from an agency detailing a right to sue is still a determination of the agency that the organization is not subject to a religious exemption, which would bar any suit." *Id.* The Court later converted its preliminary injunction into a permanent injunction, forever enjoining EEOC from issuing NRTS letters involving the claims in that suit. *Cath. Benefits Ass'n v. Lucas*, 2025 WL 1144768, at *4 (D.N.D. Apr. 15, 2025) ("The EEOC and its agents are specifically permanently enjoined from initiating any investigation into claims that a covered employer has violated PFWA or Title VII in the manner listed above **and issuing any notice of right-to-sue under prohibited claims**." (emphasis added)).

Other courts have similarly enjoined NRTS letters as part of EEOC's investigatory process. The Western District of Louisiana enjoined EEOC from issuing NRTS in a challenge brought by the United States Conference of Catholic Bishops, the Diocese of Lake Charles, and the Diocese of Lafayette in a challenge to EEOC's PWFA rule. *Louisiana v. Equal Emp. Opportunity Comm'n*, 705 F. Supp. 3d 643, 664 (W.D. La. 2024) ("EEOC is preliminarily enjoined with respect to the above-listed parties from . . . issuing any Notice of Right to Sue with respect to the same."). And the Northern District of Texas enjoined EEOC from issuing NRTS letters in claims against the State of Texas arising under the Pregnant Workers Fairness Act. *Texas v. Garland*, 719 F. Supp. 3d 521, 598 (N.D. Tex. 2024), *rev'd and vacated sub nom. on other grounds Texas v. Bondi*, 2025 WL 2374900 (5th Cir. Aug. 15, 2025). The Texas court explained that "the enforcement powers that the PWFA purports to give the defendants . . . include[] the acceptance of charges and issuance of right-to-sue notices" and therefore must be enjoined. *Id.* As this Court and other courts have held,

EEOC cannot burden CBA members' religious rights with its errant interpretation of Title VII through its investigation process, which includes the NRTS.

Defendants argue that an NRTS letter is merely administrative and thus is not part of its enforcement process. Mot., p. 3. Not so. An NRTS letter often includes a determination by EEOC that "the Commission has found reasonable cause" for the employee's charge, which under these circumstances would entail a rejection of the employer's rights to religious freedom. 29 C.F.R. § 1601.28 (b)(1) ("Where the Commission has found reasonable cause to believe that title VII . . . or the PWFA has been violated, and where the Commission has decided not to bring a civil action against the respondent, it will issue a notice of right to sue on the charge.").

Defendants similarly contend that enjoining EEOC from issuing an NRTS letter harms CBA's members by sowing confusion "about their rights under the statute." Mot., p. 6. That, too, is incorrect. "Title VII's charge-filing requirement is a processing rule," and the issuance of an NRTS is "mandatory" on EEOC. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019). Here, the proper remedy includes enjoining the Defendants from issuing right-to-sue notices to PWFA claimants. Because "the PWFA [Rule]," and the Enforcement Guidance were in violation of CBA Plaintiffs' rights, "the acceptance of charges and issuance of right-to-sue notices" were properly enjoined by the Court. *Texas*, 719 F. Supp. 3d at 598.

Finally, Defendants argue that enjoining the NRTS process would preclude private suits. But Defendants themselves acknowledge that private litigants could assert an "equitable exception" to the NRTS letter requirement before filing suit. ECF No. 81, p. 5 n.3 (collecting cases). In this regard, the Northern District of Texas's reasoning is on all fours:

> Further, the Court disagrees that such an injunction improperly enjoins the rights of non-present third parties. While foreclosing the administrative process may

4

preclude an individual's ability to properly administratively exhaust, it does not prevent the employee from filing her own PWFA lawsuit against Texas. If she chooses to file despite the injunction against the defendants, she may argue that her failure to administratively exhaust should be excused due to impossibility based on this injunction. Courts have on occasion granted equitable exceptions to exhaustion in the Title VII context. Thus, an employee would not be precluded from bringing her own suit and may be able to reach the merits of her claims. The mere possibility that an injunction foreclosing the administrative process may deter a non-party from filing a PWFA claim does not mean that she is prohibited from doing so.

*Texas*, 719 F. Supp. 3d at 598–99 (citations omitted).

## CONCLUSION

The Court's injunction encompasses all enforcement mechanisms of EEOC to enforce the Mandate. This perforce includes NRTS letters. Because the Court has already considered and rejected Defendants' arguments, their motion should be denied on this issue. If the Court is inclined to modify its injunction in any way, it should state that enforcement includes NRTS letters and enjoin EEOC from issuing NRTS letters regarding the Mandate and CBA's members.

DATED: August 22, 2025

Respectfully submitted,

*/s/ Andrew Nussbaum*
L. Martin Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
(719) 428-2386
martin@first-fourteenth.com
andrew@first-fourteenth.com
*Attorneys for Plaintiffs*