# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| Catholic Benefits Association, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) **AMENDED ORDER** |
| Robert Kennedy, Jr., Secretary of the United States Department of Health and Human Services, et al., | ) Case No. 3:23-cv-203 |
| Defendants. | ) |

This is an amended order of the Court's previous order entered on June 5, 2025. Doc. 78. That order (Doc. 78) is modified to include the following language:

The Court **DECLARES** that HHS's interpretation of Section 1557 that requires the CBA's members to perform and provide insurance coverage for gender-transition procedures violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA.

The Court **PERMANENTLY ENJOINS AND RESTRAINS** HHS, Secretary Kennedy, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Section 1557 of the ACA, 42 U.S.C. § 18116(a), or any implementing regulations thereto against the CBA and its current members and their respective health plans and any insurers, third-party administrators, pharmacy benefit managers, service providers, or other agents in connection with such health plans in a manner that would require them to perform or provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to perform or provide insurance coverage for such procedures or by otherwise pursuing,

charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

The Court further **DECLARES** that the EEOC's interpretation of Title VII that requires the CBA and its members to provide insurance coverage for gender-transition procedures violates their sincerely held religious beliefs without satisfying strict scrutiny under the RFRA. The Court **PERMANENTLY ENJOINS AND RESTRAINS** the EEOC, Chair Lucas, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from interpreting or enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or any implementing regulations thereto against the CBA and its current members <u>and their respective health plans and any insurers, third-party administrators, pharmacy benefit managers, service providers, or other agents in connection with such health plans</u> in a manner that would require them to provide insurance coverage for gender-transition procedures, including by denying federal financial assistance because of their failure to provide insurance coverage for such procedures or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions.

<u>Neither HHS nor the EEOC violates this order by taking any of the above described actions against any CBA member, anyone acting in concert or participation with a CBA member, or a CBA member's health plans and any insurers or TPAs in connection with such health plans if the agency officials directly responsible for taking these actions are unaware of that entity's status as a CBA member or relevant relationship to a CBA member. However, if either agency, unaware of an entity's status as a CBA member or relevant relationship to a CBA member, takes any of the above-described actions, the CBA member and the CBA may promptly notify a directly responsible agency official of the fact of the member's membership in the CBA (and the CBA</u>

member's satisfaction of the criteria described below) or the entity's relevant relationship to a CBA member and its protection under this order. Once such an official receives such notice from the CBA member and verification of the same by the CBA, the agency shall promptly comply with this order with respect to such member or related entity.

The Court's denial of CBA's motion for summary judgment on its RFRA claim to the extent CBA sought relief in that claim from the 2024 Rule interpreting Section 1557 and Title VII to require CBA members to cover and provide immoral infertility treatments and abortion is hereby **DENIED WITHOUT PREJUDICE**.

The term "current members" refers to those organizations that are members of the Catholic Benefits Association as of the date of entry of final judgment in this case.

Nothing in this order shall prevent the EEOC from:

(1) taking any action in connection with the acceptance of a charge for filing regardless of the source, including receiving an online inquiry via the agency's Public Portal or requesting or receiving a questionnaire or other correspondence from the charging party, when the charge concerns an allegation against a CBA member concerning the exclusion of gender-transition procedures from its insurance coverage;

(2) accepting a charge alleging that a CBA member does not provide insurance coverage for gender-transition procedures, and from entering the charge into the EEOC's computer systems;

(3) serving a notice of the charge upon a CBA member within ten days as required by 42 U.S.C. § 2000e-5(b); or

(4) issuing a right-to-sue notice to a charging party who has filed a charge against a CBA member concerning the exclusion of gender-transition procedures from its insurance plan in

accordance with the requirements and procedures set forth in 42 U.S.C. § 2000e-5(b) & (f)(1) and 29 C.F.R. § 1601.28(a)(1) & (2).

All other provisions of the Court's June 5, 2025 order (Doc. 78) remain in full force and effect.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
